## Richmond

### FRANKLIN E. HAMILTON, JR. v. COMMONWEALTH OF VIRGINIA.

October 8, 1976.

Record No. 760122.

Present, All the Justices.

*Robert A. Payne*, for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

On September 26, 1974, Franklin E. Hamilton, Jr. was convicted in the court below on a charge of statutory burglary. The defendant was sentenced on March 28, 1975 to serve three years in the penitentiary. The trial judge suspended two years and six months of the sentence "conditioned upon the defendant's good behavior. . . ."

On July 17, 1975, the lower court ordered defendant to show cause why his suspended sentence should not be revoked, it having been represented to the court that defendant had violated the terms of his suspended sentence in that he had been arrested on March 26, 1975 by federal authorities, and, on June 29, 1975, had been sentenced by the United States District Court to a term of eight years for conspiracy and to a term of five years for manufacturing approximately 600 bags of heroin. Following a

hearing on the show cause order, held October 1, 1975, the court found that defendant had violated the conditions of the suspended sentence and ordered a revocation of one year thereof. It is from this order that we granted defendant a writ of error.

Defendant was taken into custody immediately after being sentenced on March 28, 1975, and remained incarcerated in state and federal penal institutions until the October 1, 1975 revocation hearing. The record does not show any violation of the rules and regulations of any penal institution or anything other than good behavior on the part of defendant during this period of incarceration.

The transcript of the March 28, 1975 hearing discloses that the court was at that time advised that defendant had been charged with a violation of the Federal Narcotics Act but had not been arraigned. Hamilton testified that a charge was pending against him in Arlington for possession of heroin with intent to distribute. The Assistant Commonwealth's Attorney and the trial judge were therefore aware that there were criminal charges pending against defendant in other jurisdictions. The trial judge observed at the time defendant was sentenced that he was requiring defendant to serve six months of the sentence "because of the nature of the offense and your background. . . ."

The authority of a trial court to suspend the execution of a sentence, in whole or in part, if there are circumstances in mitigation of the offense, or if it appears compatible with the public interest, is expressly provided by Code § 53-272. Its authority to revoke such suspension for any cause deemed by it sufficient which occurs within the period of suspension fixed by the court is provided by Code § 19.2-306.

In *Slayton* v. *Commonwealth*, 185 Va. 357, 38 S.E.2d 479 (1946), we observed that a revocation of a suspended sentence lies in the discretion of the trial court and that this discretion is quite broad. There we held that a conviction of a subsequent criminal offense was not essential to warrant a revocation of suspension, and that an alleged violation upon which revocation is based need not be proven beyond a reasonable doubt.

In *Marshall* v. *Commonwealth*, 202 Va. 217, 116 S.E.2d 270 (1960), we held that "good behavior" is the condition of every suspension, with or without probation, and whether expressly so

stated or not. The Court concluded, referring to the revocation of a suspended sentence, that:

"The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause. The sufficiency of the evidence to sustain an order of revocation 'is a matter within the sound discretion of the trial court. Its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion.' The discretion required is a judicial discretion, the exercise of which 'implies conscientious judgment, not arbitrary action.' *Slayton* v. *Commonwealth, supra*, 185 Va. at 367, 38 S.E.2d at 484.

"It seems entirely clear that the failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of the suspension would provide reasonable cause for revocation of the suspension whether or not good behavior was expressly stated to be a condition of the suspension. It follows that in either aspect of the matter, whether good behavior was a condition of the suspension under § 53-272, or bad behavior a sufficient cause for revoking the suspension under § 53-275, the question here is simply whether there has been an abuse of discretion. *Slayton* v. *Commonwealth, supra*, 185 Va. at 367, 38 S.E.2d at 484; *Berry* v. *Commonwealth*, 200 Va. 495, 497, 106 S.E.2d 590, 592." 202 Va. at 220-21, 116 S.E.2d at 273-74.

In *Marshall* the defendant's conduct which resulted in a revocation of suspension occurred *after* the suspension.

In *Griffin* v. *Cunningham*, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964), it was stated:

"A court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions of the suspension. However, when the accused has complied with conditions specified, he has a right to rely upon them, and the suspension will stand. The action of the court should not, under any circumstances, be arbitrary."

And in *Dyke* v. *Commonwealth*, 193 Va. 478, 483, 69 S.E.2d 483, 486 (1952), the Court held:

"It [the order of the lower court] suspended the execution of the sentence for all time, but upon the condition that the

defendant keep the peace and not violate the law for one year. If the defendant had kept that condition, then the court was bound by that condition and could not after that year of good behavior have revoked the suspension and required the defendant to serve the sentence. . . ."

The true objective of suspended sentencing is to rehabilitate and to encourage a convicted defendant to be of good behavior. To accomplish this it is necessary that good conduct be rewarded. It is important that a defendant know that good conduct on his part will expedite his complete restoration to society. In light of Hamilton's subsequent trial and conviction in the federal court, the grant of a suspended sentence in the instant case may have been unwarranted and ill-advised. However, the record discloses no concealment or misrepresentation of fact by the defendant which prompted the suspension of sentence by the court.

The suspension was upon the sole condition that defendant be of good behavior. Since no evidence was offered that the defendant had not been of good behavior following his sentencing in the instant case, the revocation necessarily was based upon defendant's conduct prior to sentencing, conduct of which the court and the prosecution were aware.

The only changed circumstance that occurred between the date defendant was sentenced by the trial court and the date of the revocation hearing in the trial court was that the indictment against him, of which the court was aware at time of sentencing, had been tried and had resulted in a conviction in a federal court. This did not constitute a violation by defendant of the condition of his suspended sentence to be of good behavior.

Accordingly, the judgment of the lower court is reversed, and its order of October 1, 1975 is vacated. The revocation proceedings will be dismissed.

*Reversed and dismissed.*