COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


DARRY WAYNE OSBORNE

v.    Record No. 0326-98-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE DONALD W. LEMONS
FEBRUARY 23, 1999


FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Donald R. Mullins, Judge

Robert M. Galumbeck (Dudley, Galumbeck &
Necessary, on brief), for appellant.

Daniel J. Munroe, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


On February 9, 1995, pursuant to a plea agreement, Darry Wayne Osborne was convicted of two counts of aggravated sexual battery.  On January 13, 1998, the court revoked his sentence after finding that he was in violation of his suspended sentence and probation.  On appeal, Osborne argues that the trial court revoked the suspended sentence on grounds not contained in the notice that he received.  We disagree and affirm the trial court's revocation of his suspended sentence.

I.  BACKGROUND

On May 26, 1995, after receiving a presentence report, the court sentenced Osborne to 20 years incarceration, suspended upon conditions including that he have no contact with the victim or the victim's mother and that he have no contact with children.

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

The conditions of his probation were repeated to him in monthly meetings with his probation officer. Osborne's counselor wrote to the probation officer on May 22, 1995, requesting that contact between Osborne and the victim and victim's mother be permitted in a supervised setting. Such permission was not given. By letter dated December 8, 1997, the probation officer informed the trial judge that Osborne had violated the terms of his suspended sentence by having unauthorized contact with the victim and the victim's mother. On December 11, 1997, Osborne met with his probation officer and was "served" with a document entitled "Designation of Probation Conditions Violated" which indicated that he had unauthorized contact with the victim and the victim's mother. Osborne signed the document and also received a copy of the December 8, 1997 letter to the court. Osborne's attorney was mailed copies of these documents.

## II.  REVOCATION OF SUSPENDED SENTENCE

At the show cause hearing on December 15, 1997, Osborne was asked by the court, "Mr. Osborne, you've been charged with violating the terms of your probation.  Have you received notice of that?"  Osborne replied that he did have notice and that he had discussed the matter with his attorney.  Counsel indicated that the defense was ready to proceed, and Osborne pled "not guilty" to the charge of violating his suspended sentence and the terms of his probation.  At the conclusion of the hearing the trial judge found that Osborne had violated the terms of his suspended sentence and his probation and revoked his previously

suspended sentence of 20 years. The court's order entered on January 13, 1998 specifically recites that the revocation is premised upon finding "the defendant guilty of violating the terms of his probation and suspended sentence."

At the revocation hearing, the trial judge stated:

> We had a horrible situation here when I sentenced Mr. Osborne. And I felt that he needed treatment because if he didn't get treatment and if that treatment was not successful, helpful, then little children all over this country were at risk. This is a man that travels from coast to coast. I was hoping that the sexual offender treatment would alleviate that danger. It appears to the Court that the counseling that Mr. Osborne has received from Mr. Ferris is of no effect. It had no effect on Mr. Osborne. He's received no benefit from that whatsoever. And the person that should have been I guess charged in this matter and one that I just cannot understand the actions of is the mother of this child. That while this was going on and before this prosecution began she knew about this sexual molestation and did nothing about it. And the only way I can figure that out is that she was receiving financial benefit from this man that was molesting her child. It's a pitiful excuse for not protecting the innocent, helpless child. I don't think that there is anything this Court can do to protect other children and this particular victim anymore. I'm going to revoke Mr. Osborne's suspended sentence and have him serve that time.

Based upon the judge's remarks, Osborne complains on appeal that the trial court revoked the suspended sentence on grounds that were not contained in any notice he received, that no facts were presented to support these grounds, and that the evidence was insufficient to support the revocation.

Osborne's claims are without merit.  Osborne admitted the contacts with the victim and the victim's mother.  He contends that he misunderstood the restrictions.  The trial judge was entitled to weigh the credibility of the witnesses and, obviously, resolved this issue against Osborne.  Even Osborne's counsel in closing remarks to the court stated, "We are here because of this violation of the court order and probation.  There have been no other violations of the law."  Given that there was no dispute over the fact of contact, it is understandable why the trial judge did not make extended remarks on that subject.

Osborne also contends that because the trial judge opined that the sexual offender treatment was not effective, his opinion must be the basis for the revocation.  He contends that he had no notice of revocation based on ineffectiveness of treatment and that no evidence was presented to support the judge's opinion.  In context it is clear to us that the trial judge concluded that because Osborne had ignored his order to have no contact with the victim and the victim's mother, the sexual offender treatment was not effective.  Whether this conclusion is warranted may require further evidence, but it was the unauthorized contact and not the lack of effectiveness of treatment that served as the basis for the revocation.

The revocation of a suspended sentence is left to the discretion of the trial court.  See Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 483 (1946).  The trial court's

findings of fact and judgment as to an order of revocation are reversible only upon a clear showing of abuse of such discretion. See Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976).  Osborne had ample notice of the reason for his hearing to show cause why his suspended sentence should not be revoked.  The court was entitled to weigh the credibility of the witnesses and reject Osborne's explanation that he was confused about the restrictions.  The court revoked his sentence because of unauthorized contact with the victim and the victim's mother in direct violation of the terms of his suspended sentence and probation.  The evidence was sufficient to support the finding, and the trial court's revocation of Osborne's previously suspended sentence is affirmed.

Affirmed.