COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


KENNETH JAMES HUNTER

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1483-01-3      JUDGE ROBERT P. FRANK
                                       OCTOBER 1, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
              J. Samuel Johnston, Jr., Judge

        Jesse W. Meadows III, for appellant.

        Leah A. Darron, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on
        brief), for appellee.


    Kenneth James Hunter (appellant) was convicted in a bench

trial of possession of cocaine, in violation of Code § 18.2-250.

On appeal, he contends the trial court erred in finding the

evidence was sufficient to convict him.  More particularly, he

maintains the evidence did not show he exercised dominion and

control over the cocaine.  Appellant further contends, since he is

not guilty of this offense, the trial court erred in revoking a

previously suspended sentence, based on the present conviction.

For the reasons stated, we affirm the conviction and revocation.

    "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

In his brief, appellant concedes the evidence was sufficient to show he was aware of the presence and character of the cocaine. Our sufficiency analysis, therefore, is limited to whether the evidence proved the cocaine was subject to appellant's dominion and control.

> To convict a person of possession of illegal drugs "the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them." Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975). Possession may be actual or constructive. Peterson v. Commonwealth, 5 Va. App. 389, 402, 363 S.E.2d 440, 448 (1987). Constructive possession exists when "an accused has dominion or control over the drugs." Andrews, 216 Va. at 182, 217 S.E.2d at 814. Such "possession may be proved by 'evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found.'" Id. (citations omitted).

Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc).

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, '"all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'" Burchette v. Commonwealth, 15 Va. App. 432, 434,

-

425 S.E.2d 81, 83 (1992) (quoting Garland v. Commonwealth, 225

Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Carter v.

Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982))).

> However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether a hypothesis of innocence is reasonable is a question of fact, Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong, Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Glasco v. Commonwealth, 26 Va. App. 763, 773-74, 497 S.E.2d 150,

155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

"The credibility of the witnesses and the weight accorded

the evidence are matters solely for the fact finder who has the

opportunity to see and hear that evidence as it is presented."

Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730,

732 (1995).  The trier of fact is not required to accept a

party's evidence in its entirety, Barrett v. Commonwealth, 231

Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe

or disbelieve in part or in whole the testimony of any witness,

Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823,

830 (1991).  "The trial court was entitled to disbelieve

[appellant's] explanation and conclude he lied to conceal his

guilt."  Dunbar v. Commonwealth, 29 Va. App. 387, 394, 512

S.E.2d 823, 827 (1999).

-

We agree with appellant that proximity alone is not sufficient to prove possession. However, proximity "is a circumstance which may be probative in determining whether an accused possessed such drugs. Ownership or occupancy of the [location] in which drugs are found is likewise a circumstance probative of possession." Glasco, 26 Va. App. at 774, 497 S.E.2d at 155 (citations omitted). To determine possession, the court considers the totality of the circumstances. White v. Commonwealth, 24 Va. App. 446, 454, 482 S.E.2d 876, 879-80 (1997).

The record belies appellant's argument that the only evidence suggesting the cocaine was under his dominion and control was his proximity to the drug. The police found appellant in a closet in the spare room of an apartment leased by his girlfriend, Tabitha Dawson.[1] They found a book bag approximately three inches from his feet and cocaine on the shelf no more than two feet from his head. The book bag contained two handguns, a box of ammunition, several pairs of latex gloves, a pair of black nylon stockings that were cut in two, a roll of duct tape, and scales commonly used to weigh small amounts of marijuana. Digital scales and more cocaine were found in the other bedroom where Quentin Haskins was apprehended. Other

---

[1] Appellant and Dawson were married prior to the trial. Dawson testified as a defense witness.

-

small baggies of cocaine and $100 in cash were found in the kitchen. Appellant had $531 in cash and three baggies of marijuana on his person.

The fact that the evidence proved Haskins likely possessed the same cocaine that was found in the closet does not preclude appellant from also possessing the drug. The possession of drugs need not be exclusive, but may be shared with another. Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863-64 (1983); Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974). The trial court, sitting as the fact finder, found appellant jointly possessed the drugs with Haskins.

Further, the trial court could conclude appellant occupied the premises, given his characterization of the apartment as "our apartment." Some of his personal property was also in the room where police found appellant. Also, appellant had $531 on his person. See White, 24 Va. App. at 453, 482 S.E.2d at 879 (possession of a significant sum of cash supports a finding of possession).

Given the testimony, the fact finder could properly infer appellant and Haskins, jointly, sold drugs at a hotel. Appellant told the police that he knew Haskin had cocaine when they drove to the hotel, and he saw Haskins sell drugs to "an unknown white male." Upon completion of the transaction, they returned to the apartment together. Haskins handled the drugs,

-

and the trial court could conclude appellant maintained the cash proceeds of the sale.

The trial court could infer further that, when the police arrived, both appellant and Haskins attempted to hide and to protect the drugs from seizure by the police. They jointly controlled the drugs to avoid detection and seizure.

While appellant and Dawson testified the $531 in his pocket was her salary, the trial court was free to, and did, disbelieve that testimony. The trial court could also consider appellant's conflicting accounts, given to the police and in court. He told the police officer that Haskins threw the book bag and the cocaine into the closet, then he testified at trial that he did not see Haskins put anything in the closet. Appellant's prior felony convictions and his misdemeanor conviction for stealing also affected his credibility as a witness. Newton v. Commonwealth, 29 Va. App. 433, 449, 512 S.E.2d 846, 853 (1999).

"If there is evidence to support the conviction," we will not substitute our judgment for that of the trier of fact, even were our opinion to differ. Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998). The totality of the circumstances here is sufficient to support the trial court's finding that appellant exercised dominion and control over the cocaine to constitute joint constructive possession.

Appellant also contends the trial court erred in finding he violated the terms of a previously suspended sentence. However,

-

a trial court has broad discretion to revoke a suspended sentence, based on Code § 19.2-306, which allows a court to do so "for any cause deemed by it sufficient."  See also Hamilton v. Commonwealth, 217 Va. 325, 326, 228 S.E.2d 555, 556 (1976). The court's revocation will not be reversed unless an abuse of discretion is clearly shown.  Id. at 327, 228 S.E.2d at 556; Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991).

Appellant argues on appeal that the revocation was without cause because the evidence was not sufficient to prove he possessed cocaine.[2]  As we have determined the evidence was sufficient, his argument fails.  We find the trial court did not abuse its discretion in finding appellant violated the terms of the suspended sentence.

For the reasons stated above, we affirm both the conviction for possession of cocaine and the revocation of appellant's previously suspended sentence.

Affirmed.

---

[2] The Commonwealth, in the probation violation hearing, did not rely solely on the possession of cocaine charge.  The Commonwealth also relied upon evidence that appellant had attempted to escape from custody and had not cooperated with his probation officer.