UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Chafin and O'Brien
Argued at Williamsburg, Virginia


DANNY ANGELO MASSEY

MEMORANDUM OPINION[*] BY
v.        Record No. 1670-17-1          JUDGE TERESA M. CHAFIN
MARCH 5, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


On September 22, 2017, the Circuit Court of the City of Norfolk determined that Danny

Angelo Massey violated the conditions of his probation by having contact with children and

revoked his previously suspended sentence on that basis.  On appeal, Massey contends that the

circuit court erred by revoking his suspended sentence because his probation officer did not have

the authority to impose the probation condition that he allegedly violated.  Upon review, we

conclude that Massey's probation officer impermissibly imposed a probation condition that

contradicted an express term of probation previously imposed by the circuit court.[1]  As the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In light of this determination, we do not address the additional arguments that Massey presents on appeal.  Specifically, we decline to address Massey's argument that the probation condition at issue was imposed "based on an *ultra vires* delegation of judicial discretion," or his argument that he did not violate the condition imposed by his probation officer.  While we acknowledge that Massey's primary appellate argument focused on the delegation of authority to his probation officer, "[t]he doctrine of judicial restraint dictates that we decide cases on the best and narrowest grounds available."  Commonwealth v. White, 293 Va. 411, 419 (2017) (quoting Commonwealth v. Swann, 290 Va. 194, 196 (2015)).

revocation of Massey's suspended sentence was based on his alleged violation of the improper probation condition, we reverse the circuit court's decision to revoke Massey's suspended sentence.

## I. BACKGROUND

Under standards analogous to those governing the appellate review of evidence presented in criminal trials, we "view the evidence received at [probation revocation hearings] in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it." Henderson v. Commonwealth, 285 Va. 318, 329 (2013). So viewed, the evidence is as follows.

On December 7, 2015, Massey was convicted of taking indecent liberties with a child in violation of Code § 18.2-370. The circuit court held a sentencing hearing regarding the conviction on April 8, 2016, and entered an order memorializing its sentencing decision on April 11, 2016.[2] The circuit court sentenced Massey to four years of incarceration for the offense and suspended two years of the sentence, resulting in an active two-year term of incarceration. The circuit court suspended the unserved portion of Massey's sentence for six years and placed him on supervised probation for three years upon his release from custody.

The circuit court expressly imposed several conditions of Massey's probation. Among other things, the circuit court prohibited Massey from having "any unsupervised contact with minors including his grandchildren and other extended family members that are under the age of [eighteen]." The circuit court then explained that any contact between Massey and children "should be directly supervised by an adult who is aware of his conviction." The circuit court

---

[2] While Judge Mary Jane Hall presided over the revocation proceedings at issue in this appeal, Judge John R. Doyle, III, presided over the sentencing hearing pertaining to Massey's 2015 indecent liberties conviction.

also ordered Massey to "comply with all the rules and requirements set by [his] Probation Officer."

Massey was placed on supervised probation on June 27, 2017, following his release from incarceration. Theodore Harden, Massey's probation officer, discussed the conditions of Massey's probation with him at that time. As Massey was a sex offender, Harden provided him with twenty-six special sex offender instructions. One of these instructions stated "you will not have any contact with anyone under the age of [eighteen]. Contact is defined as physical, verbal, written or third party." After discussing this instruction with Harden in more detail, Massey indicated that he understood the conditions of his probation and signed a written version of the conditions imposed by Harden.

As Harden was driving home from work on August 9, 2017, he saw Massey playing with two children in a church parking lot. The children appeared to be less than ten years old. Harden noted that an adult was "maybe five steps away" from Massey and the children. Based on his observations, Harden took Massey into custody. He later filed a "Major Violation Report" alleging that Massey violated the conditions of his probation by having contact with children.

Catherine Baldwin, a pastor of the church where Harden saw Massey playing with the children, testified at Massey's probation revocation hearing. Baldwin testified that she went to the church with her two grandchildren on August 9, 2017. Baldwin explained that Massey was staying at the church on that day because he was homeless and that he did not know that she and her grandchildren would be there. Baldwin testified that Massey spoke to her when she was at the church, and she implicitly acknowledged that he was in close physical proximity to her grandchildren. Baldwin explained, however, that she was "always close by" when Massey was around the children and that she never left them alone with him. Baldwin also testified that she

knew that Massey was a "convicted sex offender" due to a prior conviction based on his "inappropriate behavior . . . with a child."

In his closing argument, Massey contended that Harden did not have the authority to impose the probation condition prohibiting him from having any contact with minor children. Citing several probation statutes, including Code § 19.2-304, Massey maintained that only the circuit court had the "right to set the terms of probation" and the authority "to change and modify probation" conditions. While Massey acknowledged that the circuit court previously ordered him to comply with all of the rules set by his probation officer, he argued that his probation officer could not impose a more restrictive probation condition "than what the court had already specifically ordered." Massey also argued that Harden "exceeded the court's delegation . . . by saying he [could have] no contact with children."

Massey noted that the circuit court previously imposed a probation condition allowing him to have contact with children under the supervision of an adult who knew about his prior conviction and that the circuit court had not modified that condition. He then argued that his conduct on August 9, 2017, complied with the condition set by the circuit court. Therefore, Massey maintained that he had not violated the terms of his probation, and he requested the circuit court to refrain from revoking his suspended sentence on that ground.

The circuit court disagreed with Massey's argument, concluding that Massey's prior sentencing order required him to "first and foremost" follow the rules and requirements set by his probation officer. As Harden told Massey that he could not have any contact with children, the circuit court determined that Massey was bound by that condition. Notably, the circuit court explained,

I don't think your probation officer could let you do something that the court told you not to do, but I think the [converse][3] of that is true. The probation officer can prohibit you from doing something that the court didn't say anything about and I think that's where this case falls.

Ultimately, the circuit court concluded that Massey violated the conditions of his probation by having contact with children, revoked his suspended sentence, and resuspended "all but time served for the violation." The circuit court also "restore[d] the balance of [Massey's] unexpired probationary period." This appeal followed.

## II. ANALYSIS

On appeal, Massey contends that Harden did not have the authority to impose the probation condition that he allegedly violated. Massey emphasizes that this probation condition contradicted a specific condition previously imposed by the circuit court. While the circuit court allowed Massey to have supervised contact with children, Harden prohibited Massey from having any contact with them. Citing Code § 19.2-304, Massey argues that Harden could not set the probation condition at issue "without judicial intervention."

To the extent that Massey's argument raises an issue of statutory interpretation, it presents "a question of law reviewed *de novo* on appeal." Grimes v. Commonwealth, 288 Va. 314, 318 (2014). Upon reviewing Massey's argument under this legal standard, we agree that Harden did not have the authority to impose the probation condition at issue. Harden could not contradict or otherwise modify an express condition of probation imposed by the circuit court in Massey's April 11, 2016 sentencing order.

---

[3] Although this term is transcribed as "congress" in the transcript of Massey's revocation hearing, the additional comments surrounding the term and the context of the overall discussion imply that the circuit court judge likely said "converse" and that the transcription of the term as "congress" was erroneous.

In general, only courts can modify court orders, and then, they can only do so in limited circumstances. Pursuant to Rule 1:1, "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, *and no longer.*" (Emphasis added). Thus, in the absence of an exception to Rule 1:1, a court order may not be modified more than twenty-one days after it has been entered.

Code § 19.2-304 provides an exception to Rule 1:1 that allows a court to modify a probation condition set forth in an otherwise final court order. In pertinent part, Code § 19.2-304 states that "[t]he court . . . may revoke or modify any condition of probation, but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth." Code § 19.2-304 does not expressly allow a probation officer to modify a probation condition contained in a court order. Rather, it only allows a "court" to modify a probation condition more than twenty-one days after a final order has been entered, following both reasonable notice to the parties and a hearing regarding the proposed modification. See Code § 19.2-304.

We acknowledge that Harden had some authority to define the conditions of Massey's probation pursuant to the April 11, 2016 sentencing order. In that order, the circuit court expressly required Massey to "comply with all the rules and requirements *set by [his] Probation Officer.*" (Emphasis added). Assuming without deciding that this delegation of authority was permissible, we conclude that it did not allow Harden to modify the specific probation conditions set forth in the April 11, 2016 sentencing order. Pursuant to Rule 1:1 and Code § 19.2-304, only a court could modify the conditions expressly stated in that order.

While the circuit court correctly noted that Harden could prohibit Massey from doing something that was not addressed in the April 11, 2016 sentencing order, the circuit court incorrectly determined that the sentencing order failed to address Massey's contact with children.

- 6 -

In that order, the circuit court expressly allowed Massey to have contact with children under the supervision of an adult who knew about his prior conviction. Despite this express term, Harden prohibited Massey from having *any* contact with children. Harden did not have the authority to modify the April 11, 2016 sentencing order by imposing this condition. As Harden unilaterally imposed the condition without obtaining judicial approval or following the procedure provided in Code § 19.2-304, the condition was ineffective. Thus, Massey remained subject to the probation condition originally imposed by the circuit court in the April 11, 2016 sentencing order.

The circuit court's decision to revoke Massey's suspended sentence was based on his alleged violation of the ineffective probation condition set by Harden. Specifically, the circuit court concluded that Massey violated the conditions of his probation by having contact with children. The evidence presented at Massey's revocation hearing, however, failed to establish that he violated the condition imposed by the circuit court in the April 11, 2016 sentencing order. Although Massey had contact with children in the church parking lot on August 9, 2017, this contact was supervised by an adult who was aware of Massey's prior conviction. At the revocation hearing, Harden candidly admitted that an adult was "five steps away" from Massey and the children, and Baldwin testified that she never left the children alone with Massey.

We are mindful that "'[t]he sufficiency of the evidence to sustain an order of revocation is a matter within the sound discretion of the trial court'" and that "'[i]ts findings of fact and judgment thereon are reversible only upon a clear showing of abuse of discretion.'" Alsberry v. Commonwealth, 39 Va. App. 314, 320 (2002) (quoting Hamilton v. Commonwealth, 217 Va. 325, 327 (1976)). Nevertheless, we conclude that the circuit court abused its discretion by revoking Massey's suspended sentence in this case. The circuit court based its decision on an ineffective probation condition, and the evidence presented at the revocation hearing failed to establish that Massey violated the binding term of his probation.

### III.  CONCLUSION

In summary, we conclude that Harden did not have the authority to impose the probation condition that Massey allegedly violated.  Harden could not modify a specific probation condition expressly set forth in the April 11, 2016 sentencing order without obtaining approval from the circuit court pursuant to the requirements of Code § 19.2-304.  As the probation condition imposed by Harden that prohibited Massey from having any contact with children was ineffective, the circuit court erred by revoking Massey's suspended sentence based on his violation of that condition.  For these reasons, we reverse the circuit court's decision and dismiss the revocation proceeding.

<u>Reversed and dismissed.</u>