COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, AtLee and Chaney
Argued at Fredericksburg, Virginia


DEREK BRAWNER

v.      Record No. 0216-23-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE VERNIDA R. CHANEY
AUGUST 27, 2024


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

Bradley R. Haywood (Office of the Public Defender, on briefs), for
appellant.

Collin C. Crookenden, Assistant Attorney General (Jason S. Miyares,
Attorney General; Michael L. Eaton, Assistant Attorney General, on
brief), for appellee.


Derek Brawner appeals the circuit court's finding that he violated his probation by willfully

failing to seek relief from the court's order to pay court costs when he was financially unable to pay.

Brawner argues the record does not support the finding that he had notice that any such relief was

available. Because the record does not support a finding that Brawner willfully failed to comply

with probation, there was no reasonable cause for revoking his probation and suspended sentence.

Therefore, the circuit court abused its discretion in finding Brawner in violation of his probation and

this Court reverses the circuit court's revocation order.

BACKGROUND

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

inferences that may properly be drawn from it.""" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

In 2019, Brawner pleaded guilty to and was convicted of possessing heroin. He was sentenced to five years of incarceration, all suspended, with three years of probation. The circuit court ordered that Brawner pay $1,650 within 45 days of sentencing or his release, "whichever is later." The sentencing order stated that Brawner "may, within that time, enter into a payment agreement with the Circuit Court." The Arlington Circuit Court Clerk's Office mailed Brawner an accounting form that listed his total costs related to the proceedings at $3,373. The sentencing order did not mention community service.

After serving a two-year sentence on another charge, Brawner was released on supervised probation in May 2021. In September 2021, the clerk's office mailed Brawner notice that he owed the court $3,373. The court notice said the money was due immediately and that failure to pay or enter an approved payment agreement could result in further incarceration. The notice did not include the availability of community service.

In November 2021, Brawner's probation officer filed a major violation report stating that Brawner was arrested in Maryland on felony weapon and drug charges. Here in Virginia, Brawner was arrested and released on a probation violation arising from these charges. The circuit court held several hearings on the matter between December 2021 and August 2022. At none of these hearings was community service discussed.

At a hearing in October 2022, it was noted that Brawner's Maryland charges had been dismissed. Rather than dismiss the probation revocation charge along with Brawner's Maryland

charges, the circuit court raised additional violations arising from Brawner's marijuana use, failure to abide by treatment recommendations, and failure to pay court costs.

On December 16, 2022, the circuit court heard argument strictly on Brawner's failure to pay court costs. Brawner argued that he could not make payment due to his family obligations and difficulties obtaining income. He had been in jail from November 2021 to January 2022. As of June 2022, he had only made approximately $2,310 before taxes. He had just recently obtained a "somewhat seasonal job" as a "flagger" for a construction company and worked any hours that were available to him. He had been trying to get more work by "searching for jobs, it's just with his record and pending charges, it's been difficult." The circuit court asked if Brawner had opted to perform community service in lieu of payment. Brawner answered he was willing to but had not done so yet.

The Commonwealth asked the circuit court not to find Brawner in violation and instead "continue this out—give him a chance to start his new job, make some money." Even so, the circuit court found Brawner in violation of his probation. The circuit court made no explicit findings concerning Brawner's inability to pay, but held "I don't see any reason why he couldn't of [sic] come before the court to do community service hours. If he's not working, he can certainly do the hours—it's not that many hours. So, I find him in violation . . . ."

Brawner objected that failure to seek community service was not a violation. He argued that he was unaware of the availability of community service until then. The circuit court responded that Brawner "took no action for relief from the court for its order, just ignored it." Brawner's counsel pointed out he had not been appointed as Brawner's lawyer recently enough to tell him about community service. The circuit court responded that Brawner's *previous* attorney "certainly knew that, and when you became his lawyer and saw that his court costs weren't paid, that could have been done." When Brawner reiterated that he had not been notified about community service, the

circuit court held that "if he wasn't able [to pay his court costs] he would know to come back before the court for relief. And if he had done that, he would've then been informed of community service."

Thus the circuit court found Brawner in violation of his probation for failure to pay his court costs and failure to seek relief from the order to pay court costs. The circuit court fully imposed and resuspended Brawner's sentence, this time ordering him to participate in community service. Brawner timely appeals.

ANALYSIS

Brawner assigns six errors to the circuit court's decision to find him in violation of probation. *First*, the circuit court should have granted his motion to recuse. *Second*, the circuit court failed to provide notice for the basis of revocation. *Third*, the circuit court found him in violation of probation for failing to complete community service in lieu of paying court costs— which was not a part of Brawner's original sentence and which he did not know was an option. *Fourth*, the circuit court lacked reasonable cause to justify revocation. *Fifth*, the circuit court violated due process and Code § 19.2-306.1 by splitting Brawner's violations into multiple proceedings. And *sixth*, the circuit court's attitude towards him deprived Brawner of a neutral and detached factfinder.

This Court agrees with Brawner's third and fourth assignments of error, which dispose of the appeal. We need not address the remainder because we "strive to decide cases on the best and narrowest grounds available." *Carter v. Commonwealth*, 79 Va. App. 329, 349 n.9 (2023) (quoting *Alexandria Redevelopment & Hous. Auth. v. Walker*, 290 Va. 150, 156 (2010)).

The decision to revoke probation is committed to the circuit court's discretion, and "this discretion is quite broad." *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 326 (1976)). However, "an error of law, 'by definition,' constitutes

- 4 -

an abuse of discretion." *Carolino v. Commonwealth*, 79 Va. App. 170, 183-84 (2023) (en banc) (quoting *Bennett v. Commonwealth*, 69 Va. App 475, 485 (2018)). Here, the circuit court erred by finding a willful violation without adducing the legally-required evidence of willfulness.

Before revoking a defendant's probation for failure to pay court costs, a "circuit court [must] inquire into whether an individual has the ability to make the required payments." *Smallwood v. Commonwealth*, 300 Va. 426, 433 (2022). "If the court determines that the individual lacks the ability to pay, it must consider alternative measures of punishment." *Id.* "However, if the court determines that the individual 'willfully refused to pay or make sufficient efforts legally to acquire the resources to pay, the court may revoke probation . . . .'" *Id.* (quoting *Georgia v. Bearden*, 461 U.S. 660, 672 (1983)).

The circuit court did not explicitly find that Brawner was unable to pay his court costs. But the fact of Brawner's indigence is undisputed, and the circuit court's finding that Brawner "should" have sought relief from the order to pay court costs implies a finding of an inability to pay. In so doing, the circuit court imposed upon Brawner the burden to satisfy an obligation that the circuit court must fulfill:

> The Court assessing the fine or costs against a person shall inform such person of the availability of earning credit toward discharge of the fine or costs through the performance of community service work under this program and provide such person with written notice of the terms and conditions of this program.

Code § 19.2-354(C). Brawner cannot have "willfully" failed to participate in community service if the circuit court did not fulfill its statutory obligation to inform him of that option. A "willful" failure to do something is a failure to do it "intentional[ly,]" "knowing[ly], or voluntar[ily]." *Layne v. Crist Elec. Contr., Inc.*, 64 Va. App. 342, 356 n.7 (2015) (quoting *Bryan v. United States*, 524 U.S. 184, 192 n.12 (1998)).

Nothing in the record shows that Brawner received notice of the availability of community service in lieu of court costs payment. None of the court's notices or orders included the availability of community service. Therefore, the circuit court had no evidence that Brawner willfully failed to seek relief from the court's order to pay court costs when he was financially unable to pay.

The Commonwealth argues that Brawner had to inquire into alternatives to payment and that his failure to make that inquiry establishes his willfulness. However, the sentencing order does not include a community service alternative option. We know of no authority affirmatively requiring probationers to seek notice of community service. Rather, it is the circuit court's obligation to notify probationers of the availability of community service. Code § 19.2-345(C). The circuit court here did not establish that Brawner knew of the availability of community service as an alternative to payments to the court and, therefore, erred in finding his failure to seek community service a willful violation of probation.

CONCLUSION

For these reasons, this Court reverses and vacates the circuit court's judgment.

*Reversed and vacated.*