PRESENT: All the Justices

COMMONWEALTH OF VIRGINIA

v. Record No. 230829

SILFREDO CASTILLO CANALES

SILFREDO CASTILLO CANALES

v. Record No. 230934

COMMONWEALTH OF VIRGINIA

                    OPINION BY
                    JUSTICE TERESA M. CHAFIN
                    APRIL 10, 2025

FROM THE COURT OF APPEALS OF VIRGINIA

These appeals involve the interpretation of certain provisions of Code § 19.2-306.1, a

statute that places limitations on the sentence that a court may impose when an individual

violates the terms of his probation. For the following reasons, we affirm the judgment of the

Court of Appeals in part, reverse the judgment of the Court of Appeals in part, and reinstate the

judgment of the Circuit Court of Arlington County.

## I. MATERIAL FACTS AND PROCEEDINGS

### A. THE PROBATION VIOLATIONS

In 2017, Silfredo Antonio Castillo Canales ("Castillo Canales") was convicted of

statutory burglary and grand larceny. Castillo Canales was sentenced to five years of

incarceration for each conviction, with the sentences running concurrently. The circuit court

suspended two years and six months of each sentence and placed Castillo Canales on supervised

probation.

Castillo Canales began supervised probation upon his release from incarceration in 2019.

On October 29, 2021, Castillo Canales' probation officer filed a major violation report

addressing numerous probation violations. The major violation report asserted that Castillo

Canales: failed two drug screens by testing positive for cocaine, missed multiple appointments with his probation officer, failed to appear for multiple scheduled drug screens, failed to comply with the requirements of his drug treatment program, and failed to make restitution payments. The major violation report also noted that Castillo Canales had been charged with new criminal offenses.

The violations addressed in the major violation report occurred over approximately five months. During this time period, Castillo Canales intermittently attempted to comply with the requirements of probation. Consequently, Castillo Canales' probation violations were often separated by periods of compliance. The following timeline outlines the conduct that is pertinent to this appeal:

- 5/25/21: Castillo Canales failed a drug screen, testing positive for cocaine.
- 6/2/21: Castillo Canales failed to appear for a drug screen.
- 6/4/21: Castillo Canales had a phone conversation with his probation officer.
- 6/15/21: Castillo Canales passed a drug screen.
- 7/7/21: Castillo Canales passed a drug screen.
- 7/20/21: Castillo Canales passed a drug screen.
- 8/3/21: Castillo Canales failed to appear for a drug screen.
- 8/3/21: Castillo Canales had a phone conversation with his probation officer.
- 8/11/21: Castillo Canales passed a drug screen.
- 8/11/21: Castillo Canales met with his probation officer in person.
- 8/19/21: Castillo Canales failed to appear for a drug screen.
- 9/10/21: Castillo Canales passed a drug screen.
- 9/17/21: Castillo Canales failed to attend an appointment with his probation officer.

- 9/23/21: Castillo Canales failed to appear for a drug screen.

- 9/30/21: Castillo Canales failed to attend an appointment with his probation officer.

- 9/30/21: Castillo Canales had a phone conversation with his probation officer.

- 10/5/21: Castillo Canales failed to appear for a drug screen.

- 10/7/21: Castillo Canales failed to attend an appointment with his probation officer.

- 10/12/21: Castillo Canales failed a drug screen, testing positive for cocaine.

B. THE CIRCUIT COURT PROCEEDINGS

On January 28, 2022, the circuit court held a hearing to address the status of the probation revocation proceedings. At this hearing, the circuit court advised the parties that it intended to address the violations set forth in the major violation report in separate hearings. The circuit court explained that the violations were separate and discrete events that occurred over several months.

Castillo Canales objected to the circuit court's intended course of action. Relying on Code § 19.2-306.1, Castillo Canales argued that the circuit court was required to consider all of the violations set forth in the major violation report in the same hearing. Furthermore, Castillo Canales asserted that the violations constituted a "single course of conduct" under Code § 19.2-306.1.

The circuit court rejected Castillo Canales' position. Again, the circuit court explained that the violations set forth in the major violation report were distinct and separate violations of probation. Emphasizing the court's discretion to manage its docket, the circuit court concluded that the pertinent provisions of Code § 19.2-306.1 did not preclude the court from holding separate hearings addressing the individual probation violations. The circuit court divided the violations into separate cases and assigned a separate docket number to each case. The circuit

3

court explained that it would consider each case in a series of separate hearings, taking a brief recess between the cases.

On March 11, 2022, the circuit court held a series of hearings concerning the pending probation violations. Castillo Canales objected to the circuit court's course of action at the outset of each hearing. Castillo Canales, however, did not contest the factual bases of the violations.

At the conclusion of each hearing, the circuit court determined that Castillo Canales violated the terms of his probation. Specifically, the circuit court concluded that Castillo Canales violated the terms of his probation by: failing a drug screen on May 25, 2021 (Circuit Court Case Nos. CR17000076-01 and CR17000077-01); failing a drug screen on October 12, 2021 (Circuit Court Case Nos. CR17000076-02 and CR17000077-02); failing to appear for a drug screen on June 2, 2021 (Circuit Court Case Nos. CR17000076-03 and CR17000077-03); and failing to appear for a drug screen on August 3, 2021 (Circuit Court Case Nos. CR17000076-04 and CR17000077-04). The circuit court revoked Castillo Canales' suspended sentences in each case but resuspended each sentence in its entirety.

On May 13, 2022, the circuit court held separate hearings concerning the remaining probation violations. Castillo Canales renewed his previous objections at the outset of the hearings. Castillo Canales also denied that he committed some of the violations at issue.

The circuit court overruled Castillo Canales' objections, relying on the same rationale that it applied in the previous hearings. After hearing testimony from a probation officer, the circuit court concluded that Castillo Canales committed some of the pending violations. Specifically, the circuit court, in separate hearings, determined that Castillo Canales violated the terms of his probation by: failing to appear for a drug screen on August 19, 2021 (Circuit Court Case Nos. CR17000076-05 and CR17000077-05); failing to appear for a drug screen on

4

September 23, 2021 (Circuit Court Case Nos. CR17000076-06 and CR17000077-06); and failing to attend an appointment with his probation officer on September 17, 2021 (Circuit Court Case Nos. CR17000076-08 and CR17000077-08). The circuit court revoked Castillo Canales' suspended sentences in each case and resuspended all but 14 days of each sentence. Cumulatively, the circuit court ordered Castillo Canales to serve 42 days of active incarceration.[*]

The circuit court concluded that Castillo Canales had not violated the terms of his probation in other cases, dismissing the violations based on Castillo Canales': failure to appear for a drug screen on October 5, 2021 (Circuit Court Case Nos. CR17000076-07 and CR17000077-07); failure to attend a meeting with his probation officer on September 30, 2021 (Circuit Court Case Nos. CR17000076-09 and CR17000077-09); and failure to attend a meeting with his probation officer on October 7, 2021 (Circuit Court Case Nos. CR17000076-10 and CR17000077-10). The circuit court continued the cases based on Castillo Canales' new criminal charges and took the remaining cases under advisement to permit Castillo Canales to pay restitution and comply with the requirements of his drug treatment program.

C. THE COURT OF APPEALS PROCEEDINGS

Castillo Canales noted an appeal. Citing the pertinent provisions of Code § 19.2-306.1, Castillo Canales asserted that the circuit court was required to consider all of the violations set forth in the major violation report in the same hearing. Castillo Canales also argued that the violations at issue arose from a "single course of conduct." For these reasons, Castillo Canales claimed that all of the violations should have been treated as a single technical violation under

_____

[*] The circuit court ran the sentences imposed in each set of corresponding cases (Circuit Court Case Nos. CR17000076-05 and CR17000077-05; CR17000076-06 and CR17000077-06; CR17000076-08 and CR17000077-08) concurrently with each other, resulting in the imposition of 14 days of active incarceration for each set of corresponding cases—for a cumulative period of 42 days of active incarceration.

5

Code § 19.2-306.1. Castillo Canales argued that, therefore, the circuit court erred when it imposed an active period of incarceration based on the violations.

The Court of Appeals affirmed the circuit court's judgment in part, reversed the circuit court's judgment in part, and remanded the matter for further proceedings. *Castillo Canales v. Commonwealth*, 78 Va. App. 353, 358 (2023). Addressing Castillo Canales' first argument, the Court of Appeals held that the pertinent provisions of Code § 19.2-306.1 did not require the circuit court to consider all of the probation violations in the same hearing. *Id.* at 365-66. The Court of Appeals noted that the plain language of the statute failed to impose such a requirement. *Id.* at 366. Moreover, the Court of Appeals observed that the circuit court had broad discretion to determine the manner in which it would address the pending violations. *Id.* at 365. Accordingly, the Court of Appeals concluded that the circuit court could address the individual violations set forth in the major violation report in separate hearings. *Id.* at 366.

Turning to Castillo Canales' second argument, the Court of Appeals observed that Code § 19.2-306.1 does not provide a definition for the term "single course of conduct." *Id.* at 368. Therefore, the Court of Appeals relied on several dictionary definitions to define the term. *Id.* Relying on Webster's Third New International Dictionary, the Court of Appeals noted that the term "course" refers to "an ordered continuing process, succession, sequence, or series." *Id.* (quoting Webster's Third New International Dictionary 522 (2002)). Relying on Black's Law Dictionary, the Court of Appeals noted that the term "conduct" refers to "[p]ersonal behavior, whether by action or inaction; the manner in which a person behaves." *Id.* (quoting Black's Law Dictionary 369 (11th ed. 2019)). Combining these definitions, the Court of Appeals concluded that a "single course of conduct" under Code § 19.2-306.1 "is an ordered continuing process, succession, sequence, or series of acts or behavior." *Id.*

6

Applying this definition, the Court of Appeals determined that the probation violations at issue constituted two courses of conduct under Code § 19.2-306.1. *Id.* at 370. The Court of Appeals explained that Castillo Canales' failed drug screens were part of one course of conduct, and that Castillo Canales' failure to attend appointments and appear for drug screens were part of another course of conduct. *Id.* at 369-70.

The Court of Appeals concluded that, since Castillo Canales' probation violations were parts of only two courses of conduct, Castillo Canales should have been sentenced as if he had only committed two technical violations of probation. *Id.* at 370-71. Therefore, the Court of Appeals determined that Castillo Canales could have only been sentenced to a maximum of 14 days of active incarceration. *Id.* at 371.

The Court of Appeals affirmed the circuit court's judgment regarding the probation violations that were addressed in the first set of hearings held on March 11, 2022 (Circuit Court Case Nos. CR17000076-01 and CR17000077-01 through CR17000076-04 and CR17000077-04). *Id.* at 371. As the circuit court did not impose any active incarceration in these cases, it did not violate the sentencing limitations set forth in Code § 19.2-306.1 under the rationale adopted by the Court of Appeals. *Id.* at 367. The Court of Appeals, however, reversed the circuit court's judgment regarding the challenged probation violations that were addressed in the second set of hearings held on May 13, 2022 (Circuit Court Case Nos. CR17000076-05 and CR17000077-05; CR17000076-06 and CR17000077-06; and CR17000076-08 and CR17000077-08). *Id.* at 371. The Court of Appeals concluded that, since Castillo Canales only committed two technical violations of probation, the circuit court erred when it ordered Castillo Canales to serve more than 14 days of active incarceration. *Id.* at 370-71. The Court of Appeals remanded the matter for resentencing consistent with its opinion. *Id.* at 371. These appeals followed.

7

## II. ANALYSIS

Both the Commonwealth and Castillo Canales have challenged the judgment of the Court of Appeals. Castillo Canales contends that the Court of Appeals erred by determining that Code § 19.2-306.1 did not require the circuit court to address all of the probation violations set forth in the major violation report in the same hearing. Both parties challenge the Court of Appeals' definition and application of the term "single course of conduct." The Commonwealth argues that the circuit court reasonably determined that the probation violations at issue were separate and distinct events, and therefore, not part of a "single course of conduct" under Code § 19.2-306.1. Castillo Canales, however, maintains that all of the violations set forth in the major violation report were part of a "single course of conduct" under the statute.

These arguments present issues of statutory interpretation that are subject to de novo review. *See, e.g.*, *Commonwealth v. Delaune*, 302 Va. 644, 655 (2023). However, the underlying factual determinations of the circuit court are entitled to deference on appeal. *See, e.g.*, *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976) (explaining that a court's factual findings in a revocation proceeding will only be set aside upon a showing of an abuse of discretion).

### A. THE PERTINENT PROVISIONS OF CODE § 19.2-306.1

Code § 19.2-306.1 places limitations on the sentence that a court may impose when it revokes a suspended sentence based on an enumerated "technical violation" of probation. *See* Code §§ 19.2-306(C); 19.2-306.1(A) and (C). A probationer's unauthorized use of a controlled substance is a technical violation of probation under the statute. Code § 19.2-306.1(A)(vii). A probationer's failure to "report as instructed" by his probation officer also constitutes a technical violation. Code § 19.2-306.1(A)(v).

A court may not impose a term of active incarceration based on a probationer's first technical violation. Code § 19.2-306.1(C). Furthermore, there is a statutory presumption against the imposition of a term of active incarceration following a probationer's second technical violation. *Id.* A court may only impose up to 14 days of active incarceration based on a second technical violation "if the court finds, by a preponderance of the evidence, that the defendant . . . cannot be safely diverted from active incarceration through less restrictive means." *Id.* In contrast, a court may impose "whatever sentence might have been originally imposed for a third or subsequent technical violation." *Id.*

Pursuant to Code § 19.2-306.1(A), "[m]ultiple technical violations arising from a single course of conduct or a single incident or considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing pursuant to this section." The scope of this provision is at issue in the present case.

B. MULTIPLE REVOCATION HEARINGS UNDER CODE § 19.2-306.1

Castillo Canales contends that the circuit court should have considered all of the probation violations set forth in the major violation report in the same revocation hearing. Therefore, Castillo Canales argues that he should have been sentenced as though he had only committed one technical violation of probation.

This argument is not supported by the text of Code § 19.2-306.1. The statute does not require a court to address all of the probation violations that are set forth in a major violation report in the same hearing. A court has broad discretion in a revocation proceeding. *See, e.g.*, *Delaune*, 302 Va. at 658. While a court may address all pending probation violations in the same hearing under Code § 19.2-306.1, the terms of the statute do not prohibit a court from addressing individual probation violations in separate hearings.

9

We acknowledge that probation officers have a duty to report violations of probation to a sentencing court. *See* Code § 53.1-145(1) and (5). A probation officer's violation report often triggers revocation proceedings. Nevertheless, the court ultimately decides whether to initiate revocation proceedings and determines the manner in which the proceedings will be conducted. "[I]t is the court and the court alone that . . . decides whether or not revocation proceedings shall be initiated and, if initiated, what consequences will befall the individual who has violated his conditions of release." *United States v. Bermudez-Plaza*, 221 F.3d 231, 234 (1st Cir. 2000).

"The probation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." *Grant v. Commonwealth*, 223 Va. 680, 684 (1982). "[T]he power of the courts to revoke suspensions and probation . . . must not be restricted beyond the statutory limitations." *Id.*

"[W]e must . . . assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." *Delaune*, 302 Va. at 655 (quoting *Supinger v. Stakes*, 255 Va. 198, 206 (1998)). "This Court may not construe the plain language of a statute 'in a manner that amounts to holding that the General Assembly meant to add a requirement to the statute that it did not actually express.'" *Jones v. Commonwealth*, 296 Va. 412, 415 (2018) (quoting *Commonwealth v. Amos*, 287 Va. 301, 307 (2014)). In the present case, we cannot construe Code § 19.2-306.1 in a manner that requires a court to address all pending probation violations in the same revocation hearing. To do so would add a new requirement to the statute.

Code § 19.2-306.1 does not prohibit a court from addressing individual probation violations that are set forth in the same major violation report in separate revocation hearings.

Accordingly, the circuit court did not err by addressing Castillo Canales' probation violations in separate hearings in this case.

## C. A "SINGLE COURSE OF CONDUCT" UNDER CODE § 19.2-306.1

Under the pertinent provision of Code § 19.2-306.1, multiple technical violations of probation arising from a "single course of conduct" are not treated as separate violations for sentencing purposes—even if the violations are considered in separate revocation hearings. *See* Code § 19.2-306.1(A). The Commonwealth maintains that the circuit court reasonably determined that Castillo Canales' probation violations did not arise from a "single course of conduct" under Code § 19.2-306.1. Castillo Canales, however, contends that all of his probation violations arose from a "single course of conduct" under the statute.

When interpreting a statute, "[o]ur primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Delaune*, 302 Va. at 655 (quoting *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012)). "Words in a statute are to be construed according to their ordinary meaning, given the context in which they are used." *Grant*, 223 Va. at 684. "[T]he plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow or strained construction." *Delaune*, 302 Va. at 655 (quoting *City of Charlottesville v. Payne*, 299 Va. 515, 527 (2021)).

Code § 19.2-306.1 does not define the term "single course of conduct." By synthesizing two dictionary definitions, the Court of Appeals reasonably defined a "single course of conduct" as an "ordered continuing process, succession, sequence, or series of personal behavior." *Castillo Canales*, 78 Va. App. at 368. The Court of Appeals, however, failed to fully appreciate the components of this definition.

11

Significantly, a "single course of conduct" is a "continuing" sequence of behavior.  *See id.*  Black's Law Dictionary defines "continuing" as "uninterrupted; persisting."  Black's Law Dictionary 402 (12th ed. 2024).  Thus, a "single course of conduct" under Code § 19.2-306.1 refers to an uninterrupted and unbroken series of actions.  The actions underlying a "single course of conduct" are necessarily connected by time, place, and other circumstances.

The determination of whether a series of behavior constitutes a "single course of conduct" under Code § 19.2-306.1 involves a fact-intensive inquiry.  A court's determination of whether a series of probation violations constitutes a "single course of conduct" under the statute is entitled to deference on appeal.  *See, e.g.*, *Hamilton*, 217 Va. at 327 (explaining that a court's factual findings in a revocation proceeding will only be set aside upon a showing of an abuse of discretion).

In the present case, the circuit court concluded that Castillo Canales violated the terms of his probation by: failing a drug screen on May 25, 2021; failing to appear for a drug screen on June 2, 2021; failing to appear for a drug screen on August 3, 2021; failing to appear for a drug screen on August 19, 2021; failing to attend an appointment with his probation officer on September 17, 2021; failing to appear for a drug screen on September 23, 2021; and failing a drug screen on October 12, 2021.

The circuit court repeatedly invited Castillo Canales to present evidence establishing a factual connection between the violations.  Castillo Canales, however, did not present any evidence at the revocation hearings to establish the particular circumstances surrounding the violations at issue.

Based on the evidence presented at the revocation hearings, the circuit court could have reasonably determined that the violations at issue were separate and distinct events.  The

temporal sequence of the violations suggested that they were not part of a "single course of conduct" under Code § 19.2-306.1. The violations occurred over approximately five months. More importantly, the violations were not part of a continuous sequence of behavior. The violations were separated by time periods that ranged from six days to over two months.

It is worth emphasizing that Castillo Canales complied with the terms of his probation at certain times. These periods of compliance interrupted the underlying sequence of behavior that is at issue in this case. Moreover, Castillo Canales' probation history allowed the circuit court to infer that the violations at issue arose from separate, calculated decisions. When explaining why it decided to address the individual violations set forth in the major violation report in separate hearings, the circuit court noted:

> [Castillo Canales] is showing up occasionally in between, and breaking this up. . . . [H]e knows where to show up . . . [and] who to communicate with . . . [a]nd he is making decisions at each of these juncture points to not do it. . . . The facts show me that [Castillo Canales] is deciding to come and go when he wishes, maybe because he's going to test positive, and he's not going to show up.

Under the circumstances presented in this case, the circuit court permissibly determined that Castillo Canales' probation violations were separate and distinct events. Therefore, the circuit court did not err by addressing the violations in separate revocation hearings. As the sentencing limitations set forth in Code § 19.2-306.1 only applied to Castillo Canales' first and second technical violations of probation, *see* Code § 19.2-306.1(C), the circuit court could impose more than 14 days of active incarceration for the violations that were addressed in the set of hearings held on May 13, 2022.

13

III. CONCLUSION

In summary, we conclude that Code § 19.2-306.1 does not require a court to address all of the probation violations that are set forth in a major violation report in the same revocation hearing. Furthermore, we conclude that the circuit court permissibly determined that the probation violations at issue were not part of a "single course of conduct" under Code § 19.2-306.1.

We affirm the judgment of the Court of Appeals in part, reverse the judgment of the Court of Appeals in part, and reinstate the judgment of the circuit court. We affirm the judgment of the Court of Appeals to the extent that it affirmed the circuit court's judgment regarding the probation violations that were addressed in the hearings held on March 11, 2022 (Circuit Court Case Nos. CR17000076-01 and CR17000077-01 through CR17000076-04 and CR17000077-04). However, we reverse the judgment of the Court of Appeals to the extent that it reversed the circuit court's judgment regarding the probation violations that were addressed in the hearings held on May 13, 2022, and we reinstate the circuit court's judgment in these cases (Circuit Court Case Nos. CR17000076-05 and CR17000077-05; CR17000076-06 and CR17000077-06; and CR17000076-08 and CR17000077-08).

*Affirmed in part,*
*reversed in part,*
*and reinstated.*

14