COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, O'Brien and Athey
Argued at Fredericksburg, Virginia

JASON LAMONT BURFORD

OPINION BY
v.        Record No. 1275-22-4          JUDGE CLIFFORD L. ATHEY, JR.
                                        AUGUST 8, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Michael E. Levy, Judge

Brett P. Blobaum, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

Collin C. Crookenden, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Jason Lamont Burford ("Burford") appeals from a decision rendered in the Circuit Court

of Stafford County ("circuit court") revoking his previously suspended sentences, imposing an

active sentence of six months in jail, and resuspending the remaining balance left for five years.

Burford contends, on appeal, that the circuit court erred by: (1) determining he violated a

condition of his previously suspended sentences, (2) refusing to find that the violation was but a

"first technical violation" pursuant to Code § 19.2-306.1(A), and (3) sentencing him to an active

sentence "incommensurate" with his conduct.  Finding no error, we affirm the circuit court's

judgment.

I. BACKGROUND

In March 2021, the Stafford County General District Court ("district court") convicted

Burford of sexual battery, assault and battery, and stalking before sentencing him to 36 months in

jail with 30 months suspended for five years.  Per the conviction orders entered by the district court,

Burford was required to report to the "local community-based probation agency" ("CBP") and his suspended sentence of 30 months was conditioned on his good behavior, no contact with the victim, "a CBP referral for mental health eval[uation]," and completion of "all recommendations."

In May 2021, Burford finished his term of active incarceration before meeting with Patricia Thomas, "the intake officer" for Stafford County's community-based probation program. As part of the initial meeting, the intake officer reviewed a document with Burford that detailed both general and specific terms and conditions of his probation. For example, she explained to Burford that he was required to regularly meet with his designated probation officer, David Gonier ("Officer Gonier"). The intake officer also told Burford that he was required to complete the court-ordered mental health evaluation with Daybreak Counseling and comply with any subsequent recommendations arising out of the mental health evaluation. After the intake officer explained each of the conditions to him, Burford signed the document confirming that he understood the terms and conditions without asking any questions or displaying any confusion. The intake officer also provided Burford with a card listing Officer Gonier's contact information and informed him that he had an initial telephone appointment scheduled with Officer Gonier on June 8, 2021. Following his initial appointment with Officer Gonier, Burford completed the court-ordered mental health evaluation with Daybreak Counseling, after which "it was determined that he [also] needed to complete a psychosexual evaluation." Burford's trial counsel acknowledged that "[t]his recommendation [for a psychosexual evaluation] . . . did not come from Mr. Gonier, [and] did not come from community[-]based probation."

Officer Gonier subsequently transferred Burford's probation oversight to Henrico County because that was where Burford said he would be residing, and on August 31, 2021, Henrico probation officer Dalee Thomas ("Officer Thomas") was tasked with supervising Burford's

compliance with the terms and conditions of his probation. During a phone call, Burford advised Officer Thomas that he was on "unsupervised probation," and as a result, did not have to comply with his instructions. Officer Thomas repeatedly explained to Burford that the district court had referred him to local, community-based probation and that he needed to be supervised while he completed a psychosexual evaluation and any subsequent treatment indicated by the evaluator. In response, Burford "raised [his] voice" and angrily insisted that Officer Thomas was "wrong" because the district court judge had told him he was on unsupervised probation. After Officer Thomas suggested that Burford confer with his attorney about the district court's order, Burford "hung up the phone." Following that phone call, Burford failed to contact Officer Thomas again, missed two scheduled appointments with him in September and October of 2021, and never completed the recommended psychosexual evaluation.

On October 29, 2021, Officer Gonier reported to the district court that Burford had missed appointments with his probation officer and had failed to complete the recommended psychosexual evaluation. As a result, on November 15, 2021, the district court issued a show cause summons for Burford for violating the terms and conditions of his probation and ordering him to show cause why his previously suspended sentences in each of his prior convictions should not be revoked. On January 12, 2022, following a hearing, the district court found that Burford had violated the conditions of his suspended sentences, revoked the balance of his suspended sentences in each case, ordered him to serve six months of active incarceration, and resuspended the twenty-four-month balance of his sentences. Burford appealed that decision to the circuit court for a de novo probation revocation hearing.

During the probation revocation hearing in the circuit court, Burford proffered a printed summary from the district court's case information website which indicated he was on "unsupervised probation" for his three convictions. Based thereon, Burford argued that the

- 3 -

Commonwealth had failed to show "good cause" to revoke his suspended sentences. Burford also continued to maintain that his belief that he was on "unsupervised probation," and therefore not obligated to follow his probation officers' instructions, was reasonable given the printed summary on the general district court's website. He also maintained that it was not "unreasonable to refuse" to complete the recommended psychosexual evaluation. The Commonwealth countered that the district court's orders unequivocally required Burford to complete a mental health evaluation and comply with any recommendations. The Commonwealth further emphasized that Burford had refused to complete the recommended psychosexual evaluation despite his probation officers' clear instructions.

Following the hearing, the circuit court found that the district court's orders explicitly conditioned Burford's suspended sentences on his completion of a mental health evaluation through community probation and compliance with any subsequent recommendations. The circuit court also found that the intake officer had reviewed each of the terms and conditions of Burford's probation with him following his release from incarceration, and Burford did not contest that he was on supervised probation at that time. Thus, the circuit court concluded that Burford had violated the conditions of his suspended sentences by refusing to complete the psychosexual evaluation and further violated his probation by missing two appointments with his probation officer.

During the sentencing phase of the hearing, the Commonwealth asked the circuit court to reimpose at least twelve months in jail based on the underlying crimes, which were serious and concerning. The Commonwealth also cited Burford's angry refusal to comply with the district court's explicit conditions of his suspended sentences. Burford contended that the violation was only a first technical violation and requested that any sentence imposed by the circuit court be consistent with Code § 19.2-306.1(C). In the alternative, Burford argued, in mitigation, that he

- 4 -

had been on bond for seven months without incident or concerning behavior. He also acknowledged that he was mistaken regarding the nature of his probation and promised to comply in the future.

The circuit court held that Burford's failure to complete the psychosexual evaluation was not a technical violation of his probation but was instead a violation of a condition of his suspended sentences. The circuit court then revoked the balance of his previously suspended sentences and resuspended the balance of the suspended sentences with the exception of six months which Burford was required to serve. The court also conditioned the resuspended sentences on Burford's successful completion of supervised probation under the same conditions previously imposed. In reaching its decision, the circuit court rejected Burford's claim that he mistakenly believed he was not required to complete the psychosexual evaluation because he was on unsupervised probation. The circuit court also specifically found that Burford had angrily and disrespectfully disregarded his probation officer's instructions, abruptly ended the call with his probation officer, refused to clarify any misunderstanding with his attorney, and avoided contact with his probation officer. Burford appealed.

## II. ANALYSIS

### A. *Standard of Review*

"On appeal, '[w]e view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (internal quotation marks omitted) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "'[T]he trial court's findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (internal quotation marks omitted) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

"However, '[u]nder well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo.'" *Id.* (alteration in original) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)).

"The sufficiency of the evidence to sustain an order of revocation 'is a matter within the sound discretion of the trial court.' . . . The discretion required is a judicial discretion, the exercise of which 'implies conscientious judgment, not arbitrary action.'" *Duff v. Commonwealth*, 16 Va. App. 293, 297 (1993) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)).

B. *The circuit court did not err in finding that Burford violated a condition of his suspended sentences.*

Burford contends that the circuit court's finding that he had violated a condition of his suspended sentences was unreasonable because he believed, though mistakenly, that he was on unsupervised probation and therefore not required to comply with the court-ordered psychosexual evaluation. We disagree.

"[P]robation revocation hearings are not a stage of criminal prosecution and therefore a probationer is not entitled to the same due process protections afforded a defendant in a criminal prosecution." *Davis v. Commonwealth*, 12 Va. App. 81, 84 (1991) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). Thus, "proof beyond a reasonable doubt of [a probation violation] is not required." *Marshall v. Commonwealth*, 202 Va. 217, 221 (1960). Rather, after suspending "the execution or imposition of sentence," a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." *Duff*, 16 Va. App. at 297 (quoting *Hamilton*, 217 Va. at 327).

The district court's conviction orders explicitly referred Burford to community-based probation *and* conditioned the suspension of his sentences, among other requirements, on his completion of a mental health evaluation and compliance with any resulting recommendations. Following his release from incarceration, the probation intake officer reviewed with Burford both the special conditions of his suspended sentences as well as the more general terms of his probation. The review included the specific condition that he complete a mental health evaluation and "follow all recommendations." Burford never asked the intake officer any questions while she reviewed the probation document with him, nor did he display any confusion during their meeting. Burford never asserted that the district court judge told him he was only on "unsupervised probation," nor did he contest the completion of the mental health evaluation. Additionally, he complied with the instruction to contact Officer Gonier and completed the initial mental health evaluation. Finally, he signed the "Conditions of Probation" document indicating his understanding of both his responsibility to comply and the consequences if he did not.

Only after learning that he was required to complete a psychosexual evaluation as required as a "recommendation" resulting from the mandated "mental health evaluation" did Burford claim that he was on unsupervised probation. Thus, in rejecting Burford's claim that he believed he was on unsupervised probation, the circuit court reasonably evaluated the evidence presented. Thus, we cannot find that the circuit court abused its discretion in concluding that Burford intentionally refused to complete the psychosexual evaluation recommended as a result of the mental health evaluation Burford did complete. In support of its conclusion, the circuit court cited Burford's signing of the document outlining the conditions of his probation including the requirement that he comply with the recommendations following his mental health evaluation. The circuit court also cited his lack of confusion regarding his probation and his failure to resolve any questions he may have had by contacting his attorney. Instead, Burford

"raised [his] voice" during the phone call with Officer Thomas, angrily insisted that he was "wrong," "hung up the phone" on him, and did not further communicate with him. *See Slayton v. Commonwealth*, 185 Va. 357, 367 (1946) (holding that in revocation cases, "the credibility of the witnesses and the evaluation and weight of their testimony are for the [trial] court").

Here, the record clearly supports the circuit court's conclusion that Burford unreasonably refused to obey the district court's order to comply with any recommendations following the mental health evaluation. Accordingly, the circuit court did not err, abuse its discretion, nor arbitrarily determine that Burford had violated a condition of his suspended sentences.

C. *The circuit court did not err in finding that Burford committed a non-technical violation of his suspended sentences.*

Burford next contends that the circuit court erred by failing to find that he had merely committed a "technical violation" pursuant to Code § 19.2-306.1(A). At trial, and in his opening brief, Burford contends that, since he only failed to maintain contact with his probation officer, he merely committed a technical violation. At oral argument, Burford further characterized any violation he may have committed as merely failing to follow the instructions of the probation officer, be truthful and cooperative, and report as instructed. Although a probationer invariably commits many technical violations during an extended period of noncompliance, we disagree with Burford's conclusion that his noncompliance amounted only to a technical violation.

"Code § 19.2-306.1 creates two tiers of probation violations: (1) technical violations, based on a probationer's failure to do one of ten enumerated actions" listed in Code § 19.2-306.1(A), "and (2) non-technical violations." *Heart v. Commonwealth*, 75 Va. App. 453, 466 (2022); *see also Delaune v. Commonwealth*, 76 Va. App. 372, 383 (2023) (holding that a probation violation is technical in nature when the "violation conduct matches the conduct listed in Code § 19.2-306.1(A)"). "The language, therefore, need not be identical, as long as the

- 8 -

probationer's proscribed 'underlying' conduct 'matches' the listed technical violation in the statute." *Thomas v. Commonwealth*, 77 Va. App. 613, 624 (2023).

Technical violations in Code § 19.2-306.1(A)'s enumerated list of ten violations are subject to the limited sentencing scheme under Code § 19.2-306.1(C). *See Thomas*, 77 Va. App. at 622. Code § 19.2-306.1(B) describes non-technical violations as including criminal convictions "committed after the date of the suspension," *Thomas*, 77 Va. App. at 622, and "violation[s of] another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction," Code § 19.2-306.1(B). For non-technical violations, courts are empowered to "revoke the suspension and impose or resuspend any or all of that period previously suspended." *Id.* Further, the term "special conditions" is helpful in framing how a violation may be determined to be a "non-technical violation." Courts can impose "special conditions" in conviction orders. While "special condition" is not defined by statute, violations of special conditions are "non-technical" by nature since they condition behavior beyond the list of behaviors included in Code § 19.2-306.1(A); they are imposed by a court and "are acknowledged and agreed to by a probationer in written form when meeting with his probation officer to begin a period of supervision." *Thomas*, 77 Va. App. at 623. To be classified as special conditions, the behaviors must be distinct from the conditions included in Code § 19.2-306.1(A) and courts cannot evade the limiting sentencing scheme for technical violations by "crafting 'special conditions' that encompass conduct defined by the statute as a 'technical violation.'" *Id.* at 625 (quoting *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 191 (2023)).

Based on the framework described above, the operative inquiry is, first, to determine whether the prohibited behavior falls into the "technical violation" category of Code § 19.2-306.1(A). *See id.* Here, the district court's order conditioned Burford's probation on his

completing "a CBP referral for mental health eval[uation]," and "follow[ing] all recommendations." The prohibited behavior that Burford engaged in was failing to complete the recommended psychosexual evaluation after "it was determined that he needed to complete a psychosexual evaluation." In identifying Burford's behavior and comparing it to the list of enumerated technical violations, the only provision dealing with a probation officer's instructions is in Code § 19.2-306.1(A)(v), which states that it is a technical violation to fail to "follow the instructions of the probation officer." The "underlying conduct" that Burford committed was not the failure "to follow the instructions of the probation officer," but rather, the failure to follow the instructions of the court. The condition to complete "a CBP referral for mental health eval[uation], [and to] follow all recommendations" was therefore a special condition because the conduct underpinning this violation does not fall within any of the ten enumerated technical violations under Code § 19.2-306.1(A).

Because Burford's suspended sentences were conditioned in part on a special condition, the violation of the special condition was therefore a non-technical violation under Code § 19.2-306.1(B). Violating the district court's instruction to "follow all recommendations" was explicitly tied to the district court's requirement to complete the mental health evaluation. Further, the probation officer was not the one who recommended Burford complete the psychosexual evaluation. The district court effectively crafted a special condition that required follow-through on behalf of Burford. The record supports the circuit court's conclusion that Burford violated his probation by refusing to comply with the district court's express special condition that he complete any recommendations following his mental health evaluation.

On appeal, Burford argued for the first time that the circuit court's finding that he had violated his probation was unreasonable because the district court's orders did not specify a timeframe within which he was to complete the mental health evaluation and subsequent

- 10 -

recommendations. He further contends that because the five-year suspension period had not elapsed, any violation would only be a technical violation for not following the guidance of probation. Burford did not present that argument to the circuit court, so Rule 5A:18 bars us from considering it for the first time on appeal. *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review."). Although there are exceptions to Rule 5A:18, Burford has not invoked them, and the Court will not apply the exceptions sua sponte. *Id.*

Thus, after finding that Burford violated a condition of his suspended sentences by refusing to complete a recommended psychosexual evaluation, the circuit court did not err by declining to classify the violation as a technical violation.

D. *The circuit court did not abuse its discretion in sentencing Burford to an active sentence of six months.*

Burford argues in the alternative that even if the circuit court had such sentencing discretion, it abused that discretion in "weighing [the] factors" relevant to sentencing. He emphasizes that he initially complied with probation and was on bond without incident before the revocation hearing. He also argues that his probation violation arose from "confusion" regarding whether he was on supervised or unsupervised probation. On that basis, he maintains that "the trial court committed a clear error of judgment" by imposing six months in jail. We disagree.

Code § 19.2-306.1 "contains specific limitations on sentencing that apply when a circuit court bases its revocation of a suspended sentence" on a technical violation. *Heart*, 75 Va. App. at 466 (quoting *Green*, 75 Va. App. at 75). But when the probationer violates a condition *other than* "(i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction," the trial court has broad sentencing discretion and "may revoke the suspension and impose or resuspend *any or all* of that period previously suspended." Code § 19.2-306.1(B)

- 11 -

(emphasis added). Because Burford's violation was not a technical violation, it was within the circuit court's discretion to impose or resuspend any or all of the previously suspended sentences. *Id.*

It was within the circuit court's purview to weigh any mitigating factors Burford presented, such as his initial compliance with probation and his allegedly mistaken belief that he did not have to complete the psychosexual evaluation. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). As noted above, however, the circuit court rejected Burford's claimed misunderstanding, so that was not a mitigating factor here.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Burford's continued disregard for an explicit condition of his suspended sentences supports the circuit court's implicit finding that he was not yet amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Burford failed to make productive use of the grace that had been extended to him and instead belligerently refused to comply with the district court's explicit order. Accordingly, we hold that the sentence the circuit court imposed represents a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## III. Conclusion

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*