COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Fulton, Lorish and White

ASHLEE NICOLE PHOENIX

MEMORANDUM OPINION\*

v.      Record No. 1915-23-1                              PER CURIAM
                                                          JULY 2, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
Jeffrey W. Shaw, Judge

(Michael T. Soberick, Jr.; Dusewicz & Soberick, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Justin M. Brewster, Assistant
Attorney General, on brief), for appellee.


The trial court found Ashlee Nicole Phoenix in violation of the conditions of her probation,

revoked her remaining suspended sentences, and ordered her to serve an active sentence of two

years and six months of incarceration. Phoenix contends that the trial court abused its discretion in

imposing the active sentence without consideration of the mitigating circumstances. She also

asserts that the trial court failed to make factual findings "in violation of public policy, due

process, and the rehabilitative nature of probation violations." After examining the briefs and

record, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We find no trial court error and

affirm the judgment.

---

\* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

Upon her guilty pleas, on February 7, 2022, the trial court convicted Phoenix for possessing drugs and child neglect. The trial court sentenced her to a total of five years of incarceration with all but six months suspended.

By major violation report (MVR) on August 10, 2022, a probation officer charged that Phoenix violated her probation by using drugs and failing to complete required substance abuse treatment. The trial court revoked Phoenix's suspended sentences and resuspended all but six months.

Again, on March 13, 2023, a probation officer by MVR alleged that Phoenix violated her probation. The MVR stated that Phoenix had violated probation Condition 6 by failing to report for scheduled meetings with her probation officer. In addenda to the MVR, the probation officer reported that Phoenix absconded from supervision, incurred a new drug charge in Chesterfield County, and was convicted of that charge. For the new drug conviction, Phoenix received a sentence of five years of incarceration with four years and three months suspended.

At a September 26, 2023 revocation hearing, the trial court reviewed the most recent MVR and addenda. Phoenix testified that initially she was working and doing well on probation, but that she relapsed into drug use after the anniversary of her father's death. Her drug addiction was "completely out of control" and she could not "reel it back in." Phoenix was pregnant, and her baby was due to be born in November 2023. She testified that she would not be released from her sentence on the new drug conviction until February 25, 2024. She regretted that she would give birth while in jail but acknowledged that it was a consequence of her own actions. She planned for the baby to stay with her mother. Phoenix said she was a drug addict and needed help. Phoenix knew of a drug treatment program in Richmond that she believed would benefit her. She stated that

she had another child and wanted to get clean for him. On cross-examination, however, she admitted that she continued to use drugs during her current pregnancy.

The trial court found Phoenix in violation of her probation, revoked her suspended sentences for the two offenses, and ordered her to serve them concurrently. Thus, the trial court imposed an active sentence of two years and six months of incarceration. The trial court also recommended that she be placed in the therapeutic community before her release from incarceration. This appeal followed.[1]

## ANALYSIS

### I.

Phoenix contends that the trial court disregarded her mitigating circumstances and abused its discretion in imposing an active sentence of two years and six months. She argues that not only were her mitigating circumstances not considered, but the sentence was excessive.

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.* "[A]n abuse of discretion has occurred" only where "reasonable jurists could not differ" about the correct result. *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753 (2005)).

Under Code § 19.2-306(A), a trial court may "revoke the suspension of sentence for any cause [it] deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Upon determining that a defendant has violated the

---

[1] The trial court denied Phoenix's motion for a modification of her sentence under Code § 19.2-303. Phoenix did not note an appeal of this decision.

terms of his suspended sentence, a trial court may revoke that suspension and "impose a sentence in accordance with the provisions of [Code] § 19.2-306.1." Code § 19.2-306(C). Under Code § 19.2-306.1(B), "[i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension," then the court "may revoke the suspension and impose or resuspend any or all of that period previously suspended."

The "revocation of a suspended sentence lies in the discretion of the trial court and . . . this discretion is quite broad." *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 326 (1976)). But "[t]he cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960). "The exercise of judicial discretion 'implies conscientious judgment, not arbitrary action.'" *Rhodes v. Commonwealth*, 45 Va. App. 645, 650 (2005) (quoting *Slayton v. Commonwealth*, 185 Va. 357, 367 (1946)). "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007).

While not claiming that the trial court lacked cause to revoke her probation, Phoenix contends that the trial court disregarded mitigating circumstances, such as her continued struggle with substance abuse, her pregnancy, and her acceptance of responsibility for her situation. The record demonstrates, however, that Phoenix had a criminal record and had violated the terms of her probation in various ways, including incurring a new criminal conviction. The weight to give any mitigating factors presented by the defendant is within the trial court's purview. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Barring clear evidence to the contrary, this Court

- 4 -

will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Phoenix failed to make productive use of that grace through her conviction for a new drug offense. Additionally, Phoenix voluntarily quit substance abuse programs and committed a new felony offense. Having reviewed the record, we hold that the active sentence that the trial court imposed for the probation violation represents a proper exercise of discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (holding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the original] offenses and his continuing criminal activity").

II.

Phoenix argues that the trial court failed to make findings of fact about her probation violation. She maintains that this failure violated "public policy, due process, and the rehabilitative nature of probation violations."

First, we note that in the final order the trial court specified its reason for finding Phoenix in violation of her probation. The trial court found that "the basis of the violation is a second technical violation, a violation of a non-technical condition, and a conviction for a new criminal offense." But in any event, "[a]bsent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)).

In the trial court, Phoenix did not raise her argument that the trial court's alleged failure to make factual findings violated "public policy, due process, and the rehabilitative nature of probation violations." "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "[T]he *precise* nature of the objection must be clear because '[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for [appellate] review.'" *Mollenhauer v. Commonwealth*, 73 Va. App. 318, 329-30 (2021) (second and third alterations in original) (quoting *Johnson v. Commonwealth*, 58 Va. App. 625, 637 (2011)). If a party fails to timely and specifically object, she waives her argument on appeal. *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009).

While Phoenix points to pages 137 and 138 of the record, these portions only contain the trial court's ruling, with no objection from Phoenix. We find that Phoenix waived any claim related to the alleged absence of factual findings. Although there are exceptions to Rule 5A:18, Phoenix has not invoked them, and we do not do so sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*